# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE DUPREE DEANDRE THOMAS,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM L. NUNIZ,<br><br>    Respondent. | Case No. CV 18-2434 DSF (AFM)<br><br>**ORDER TO SHOW CAUSE** |

  Petitioner filed this petition for writ of habeas corpus on March 18, 2018.[1] For the following reasons, it appears from the face of the petition that it is barred by the one-year period of limitation set forth in the AEDPA. *See* 28 U.S.C. § 2244(d)(1); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court may *sua sponte* consider the timeliness of a state prisoner's habeas petition).

  State prisoners have a one-year statutory period to file a federal application

---

[1] Although the petition was filed by the Clerk's Office on March 26, 2018, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which his petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In this case, the Court assumes that petitioner handed his petition to the proper prison official on the date he signed it.

for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one-year period commences on the latest of four dates designated by statute:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

According to the petition, petitioner was convicted on January 18, 2011 and sentenced on February 1, 2011. (Petition at 2.) The California Court of Appeal affirmed his conviction on November 1, 2011. (Petition at 3.) It does not appear that petitioner filed a petition for review and consequently, his conviction became final forty (40) days after the California Court of Appeal's decision. *See* Cal. Rules Ct. 8.366(b)(1) & 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). Thus, petitioner's conviction became final on December 11, 2011.

Absent tolling or some other exception, petitioner had one year – or until December 11, 2012 – to file a federal habeas corpus petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-1246 (9th Cir.), *cert. denied*, 534 U.S. 978 (2001).

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). *See Carey v. Saffold*, 536 U.S. 214, 218-219 (2002). According to the petition, however, petitioner did not

file any petition in state court until sometime in 2017. (Petition at 3-4.) Such a petition cannot toll the already expired limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitation period also can be equitably tolled. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although some of petitioner's allegations arguably raise the issue of equitable tolling, these allegations are vague and general, and do not suggest that petitioner acted diligently during the seven years after his conviction became final and before he filed this petition. *See, e.g.*, *Smith v. Asuncion*, 2018 WL 1174990, at *4 (C.D. Cal. Jan. 10, 2018) (petitioner's general allegations that he lacked library access at times, underwent cancer treatment, and experienced lockdowns and searches, were insufficient to establish equitable tolling), *report and recommendation adopted*, 2018 WL 1174994 (C.D. Cal. Mar. 5, 2018); *Pineda v. Valenzuela*, 2015 WL 4537271, at *8 (C.D. Cal. June 3, 2015) (petitioner failed to demonstrate requisite diligence because he "did nothing" for six years, notwithstanding his explanation that he spent those years adjusting to prison and searching for a jailhouse lawyer to assist him), *report and recommendation adopted*, 2015 WL 4549208 (C.D. Cal. July 27, 2015); *Gonzales v. Macomber*, 2015 WL 7566285, at *4 (C.D. Cal. Sept. 14, 2015) ("Petitioner has failed to show that he was prevented from accessing his legal materials such that he could not file his federal habeas petition on time.") *report and recommendation adopted*, 2015 WL 7566622 (C.D. Cal. Nov. 24, 2015).

**Based upon the foregoing, petitioner is ordered to show cause why the**

**petition should not be dismissed as untimely by filing a response on or before May 2, 2018.** The response shall indicate whether and when petitioner filed any other petitions challenging his conviction in the state court. If petitioner contends that he is entitled to a later date of accrual (*i.e.*, that unconstitutional state action prevented him from timely filing a petition or that he could not have discovered the factual predicate of his claims until a certain date after his conviction became final) or that he is entitled to equitable tolling, petitioner must describe specifically the nature and duration of any circumstances which petitioner believes impeded his ability to timely file his petition. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, *see* 28 U.S.C. §1746, or in properly authenticated documents.

**Finally, petitioner is cautioned that failure to timely file a response to this order may result in the dismissal of this petition as untimely or for failure to prosecute.**

DATED: 4/4/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE